Curran, Dennis J., J.
Introduction
This is a lawsuit between neighbors about two trees on the border of their properties. Donna M. Carlson seeks money damages for the Bronzos’ decision to enter onto her properly without permission and cut down two trees. She also seeks treble damages under G.L.c. 242, section 7 alleging that the Bronzos’ conduct was willful. [2]
The defendants counterclaimed for trespass because Carlson’s trees “overhang onto [the defendants’] property.. . without [their] consent or authority.” (See paragraphs 6 and 7 of Count I of the defendants’ Answer and Counterclaim.)
This case was tried, jury-waived, on January 25, 2010. Based on the credible evidence adduced at that trial, I make the following Findings of Fact.
FINDINGS OF FACT
In the early 1950s, Conrad H. Carlson bought about four acres of land on Granite Street in Worcester, Massachusetts where he and his wife built a house, a two-car garage, an in-ground swimming pool, and raised their family.
The property is magnificent and the Carlson family, over the last half centuiy, has meticulously groomed it. New England stone walls border most of the property (except obviously for the frontage on Granite Street), and wildlife abounds: deer, coyote, bobcats and hawks. Over the years, the Carlsons built a wide trail for their children to enjoy it, and indeed, as younger children, Donna Carlson and Dennis Bronzo (the parties in this action) played together in the woods. (Donna was a few years older than Dennis, but nevertheless, allowed him to join her and others.)
The Carlson family cared for their properly personally: mowing their extensive yard, trimming brush and pulling weeds, all requiring many hours of weekly maintenance. The result of their hard work is that certain portions of the properly, evidenced by many photographs in evidence, appear akin to a professionally-maintained golf course.
The area in question was beautiful; the trees were lush and healthy. They formed an arbor border, affording natural privacy.
In early August 2007, Kathleen asked Donna Carlson if she could have a few trees cut down that were near the property boundary. By all testimony, the trees are on the Carlson property, but portions of their branches overhang the Bronzo properly. Kathleen stated that she and her husband were going to place an above-ground swimming pool on their properly, and were concerned that the leaves from the trees would fall into their pool, and the trees themselves would block the sunshine for the pool.
Carlson told her that she was free to cut any overhanging branches, as was their right, but that the trees were not to be otherwise disturbed.
Undeterred by these specific instructions, on April 8, 2008, the Bronzos went ahead and had Bigelow Nurseries cut down two of the trees on the Carlson property, leaving stumps.
Arborist Charles McCarthy testified that the trees cut down were a black cherry and a red maple, each 50 years old, with 17" and 23” trunks, respectively, their pre-destruction canopy about 60-65 feet and that the trees were doing “very well” and “veiy healthy.” Using the “Trunk Formula” method, a widely-regarded and peer-accepted arborist pricing analysis (detailed in the Plant Analysis-9th edition), he estimated the value of the black cherry at $2,200 and the red maple at $3,080, for a total of $5,580.
Moreover, the Bronzos’ pre-incident and post-incident conduct compels a finding that their conduct was willful.
Before the trees were cut down, they:
had offered to buy that part of the Carlson property where the trees stood, but were rebuffed;
were well able to see the “No Trespassing” signs posted on the Carlson property; and
had specifically asked Donna Carlson for permission to take down all the trees because, as they said, “they are in our way"; Ms. Carlson refused.
After the tree destruction, they offered the following shifting explanations to justify their actions:
The First Explanation. Mr. Bronzo claimed that, on the day in question, he had been “running late,” had not gotten a chance to direct the work, and the fault lay with runaway tree-cutters.
The Second Explanation. Mr. Bronzo claimed that his wife had “misunderstood” Donna Carlson when she only authorized the cutting of the branches, instead thinking that such permission extended to cutting the trees down to their stumps.
*422 The Third Explanation. Mr. Bronzo presently claims that because portions of the trees’ branches overhang his yard, he was permitted to cut them down to their stumps.
The Fourth Explanation. Because the property line was “jungle-like,” “overgrown” and “neglected,”[3] Mr. Bronzo claims he was authorized to enter onto his neighbor’s property and cut down the offending trees.[4]
The defendants presently assert, in addition to their many other defenses, that the trees were essentially valueless because there was “decay” on the maple tree, that their cutting was a “no brainer” and that they ought to be able to cross over onto the Carlson property to “take down anything they want.” Unfortunately, given that their perceptions on so many other parts of this case are so off the mark, I decline to accept these claims. There was some damage to the wood, but not critically.[5] However, based on the photographs admitted into evidence, it is not difficult to find that, to the contrary, the trees were healthy.
A final comment is in order. For two distinct reasons, this case never belonged in the Superior Court.
First, the Civil Action Cover Sheet, filed over a year and a half ago, states that the damages sought was $5,450. G.L.c. 212, section 3 (as amended by chapter 252 of the acts of 2004) states that the Superior Court is the appropriate forum for cases “. . . only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000 . . .” Indeed, even where multiple damages are claimed (where, as here, the plaintiff invokes G.L.c. 242, section 7 permitting treble damages), this is still not the appropriate court because “[w]here multiple damages are allowed by law, the amount of single damages shall control.” (Emphasis added). This experience ought to sound a cautionary note that better civil case management is required. Precious — and limited — trial time was consumed.
Second, it is a sad commentary that two families’ relationship — who happily lived as neighbors for over two generations — has been reduced to this lawsuit. Surely, there must have been a better way for these parties to have resolved their differences — without the need, in the vernacular of the day, to “lawyer up.”
ORDER
For the foregoing reasons, an award is made for Donna Carlson in the sum of $5,580 which, because of the finding of "willful[ness]” under G.L.c. 242, section 7, I am compelled to treble for a total award of $16,740. Judgment shall therefore enter in favor of Donna Carlson against the defendants, jointly and severally, in the sum of$16,740, together with interest and costs.
Finally, judgment shall enter for the plaintiffs (the defendants-in-counterclaim) on Count I of the Counterclaim.

“A person who without license willfully cuts down ... or otherwise destroys trees ... on the land of another shall be liable to the owner in tort for three times the amount of the damage assessed therefor . . .” G.L.c. 242, section 7.

I do not credit these descriptions of the property.

Given the Court’s Findings in the plaintiffs regard, it is not necessaiy to address her proposed Requests for Findings and Rulings.

There is a question as to whether the decay was caused, at least in part, because the cut wood lay exposed to the elements for some time.